1
2
3
4
5
6
7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10    PAUL N. BEATON,

11              Plaintiff,              No. CIV S-07-1321 MCE EFB PS

12         vs.

13    CHASE HOME FINANCE LLC,           ORDER

14              Defendant.
                                    /

15

16         This action, in which plaintiff is proceeding *in propria person*, was referred to the

17    undersigned pursuant to Local Rule 72-302(c)(21).  *See* 28 U.S.C. § 636(b)(1).  Defendant Chase

18    Home Financial LLC ("Chase") filed a motion to dismiss, which together with plaintiff's

19    opposition and defendant's reply, was submitted without oral argument.  *See* Local Rule 78-

20    230(h).  Having reviewed the record and all submitted papers, the court grants defendant's Rule

21    12(b)(6) motion to dismiss, but does so with leave to amend.

22    **I.  BACKGROUND**

23         This action is proceeding on the original complaint filed by plaintiff on July 5, 2007.  In

24    brief, plaintiff seems to allege that Chase wrongfully increased plaintiff's mortgage payment to

25    cover increased Modoc County taxes.  Plaintiff also seems to allege that there was, in fact, no tax

26    assessment, and that Chase mislead him regarding the amount of property taxes he owed.

Plaintiff asserts he cannot afford to pay the increased taxes, and that Chase's actions constitute violations of "respa, HUD laws, to the federal government, and to God." Compl., at 1. Plaintiff also alleges that he brings this case under "440 Civil Rights" because he was "born in Cuba." *Id*. He seems to allege that Chase discriminated against him on the basis of his national origin, as evidenced by its failure to send him "coupons with every month [*sic*] statement like they do to everybody else." *Id*. He further alleges that because his wife is "doing dialysis . . . [he] consider[s] this an intent from Chase . . . to try to kill my wife. *Id*., at 2.

Defendant moves to dismiss the complaint for failure to state a claim pursuant Rule 12(b)(6), or in the alternative, for a more definite statement pursuant to Rule 12(e). Plaintiff opposes the motion by attempting to clarify the facts alleged in his original complaint.

## II. DISCUSSION

### A. Standards

#### 1. Rule 12(b)(6)

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1964, 1970 (2007) (stating that the 12(b)(6) standard that dismissal is warranted if plaintiff can prove no set of facts in support of its claims which would entitle plaintiff to relief "has been questioned, criticized, and explained away long enough," and that having "earned its retirement," it "is best forgotten as an incomplete, negative gloss on an accepted pleading standard"). Thus, the grounds must amount to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action. *Bell Atlantic*, 127 S.Ct. at 1965. Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Id*. Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

2

1    The complaint's factual allegations are accepted as true. *Church of Scientology of*
2    *California v. Flynn*, 744 F.2d 694 (9th Cir. 1984). The court construes the pleading in the light
3    most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks School of Business,*
4    *Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). General allegations are presumed to
5    include specific facts necessary to support the claim. *NOW*, 510 U.S. at 256 (quoting *Lujan v.*
6    *Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

7        The court may disregard allegations contradicted by the complaint's attached exhibits.
8    *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing,*
9    *Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998). Furthermore, the court is not required to accept as true
10   allegations contradicted by judicially noticed facts. *Mullis v. United States Bankruptcy Ct.*, 828
11   F.2d 1385, 1388 (9th Cir. 1987). The court may consider matters of public record, including
12   pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distributors*,
13   798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other grounds by *Astoria Federal Savings*
14   *and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)). "The court is not required to accept legal
15   conclusions cast in the form of factual allegations if those conclusions cannot reasonably be
16   drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir.
17   1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact.
18   *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

19       Pro se pleadings are held to a less stringent standard than those drafted by lawyers.
20   *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure
21   its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before
22   dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*,
23   809 F.2d 1446, 1448 (9th Cir. 1987). Although the court has an obligation to construe the
24   pleadings of a pros se litigant liberally, *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)
25   (en banc), the court's liberal interpretation of a pro se complaint may not supply essential
26   elements of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey*

3

1    *v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Furthermore, "[t]he

2    court is not required to accept legal conclusions cast in the form of factual allegations if those

3    conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness*

4    *Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Neither need the court accept unreasonable

5    inferences, or unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618,

6    624 (9th Cir. 1981).

7                    **2. Rule 12(e)**

8            Rule 12(e) allows a party to "move for a more definite statement of a pleading to which a

9    responsive pleading is allowed but which is so vague or ambiguous that the party cannot

10   reasonably prepare a response. . . .  If the court orders a more definite statement and the order is

11   not [timely] obeyed . . . the court may strike the pleading or issue any appropriate order. "  Fed.

12   R. Civ. P. 12(e).  "Rule 12(e) is designed to strike at unintelligibility, rather than want of detail."

13   *Woods v. Reno Commodities, Inc*., 600 F. Supp. 574, 580 (D. Nev. 1984); *Nelson v. Quimby*

14   *Island Reclamation Dist*., 491 F. Supp. 1364, 1385 (N.D. Cal. 1980).  A Rule 12(e) motion

15   should only be granted where the complaint is so indefinite that the defendant cannot ascertain

16   the nature of the claim being asserted.  *See Federal Sav. and Loan Ins. Corp. v. Musacchio*, 695

17   F. Supp. 1053, 1060 (N.D. Cal. 1988); *Famolare, Inc. v. Edison Bros. Stores, Inc*., 525 F. Supp.

18   940, 949 (E.D. Cal. 1981).

19                   **3. Application**

20           Plaintiff has failed to allege any facts in the complaint sufficient to state a claim.  He

21   purports to bring his claim pursuant to "440 Civil Rights" for Chase's alleged discrimination

22   based on plaintiff's country of origin.  The court will assume that plaintiff's reference to a "440

23   Civil Rights" action refers to the civil cover sheet's category of lawsuits concerning "other civil

24   rights."  *See* docket no. 1-2.  To the extent plaintiff means to allege a violation of his civil rights

25   under the Equal Protection Clause of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983,

26   he must allege that the defendant acted with an intent or purpose to discriminate against him

                                            4

based upon membership in a protected class. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Here, plaintiff does not allege that Chase was even aware of his national original. Moreover, plaintiff fails to allege that Chase acted "under color of law" as is required to state a claim under § 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (plaintiff must allege the violation of a federal constitutional or statutory right and that the violation was committed by a person acting under the color of state law). "[T]he party charged with the deprivation must be a person who may fairly be said to be a governmental actor." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (citation and quotations omitted). Plaintiff makes no allegation that Chase was acting under color of state law.

Plaintiff's allegation that Chase violated "respa" is also insufficient to state a claim. For purposes of construing the complaint, defendant and the court have construed this citation to "respa" as referring to the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* However, plaintiff fails to identify which provision of this law defendant allegedly violated, or otherwise describe the alleged violation. As such, his allegations fail to state a claim for which relief may granted and are insufficient to put defendant fairly on notice of the claims against it. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (May 21, 2007) (a complaint must include a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Finally, plaintiff's allegations regarding Chase's misrepresentations are likewise too vague to put defendant on notice of the claims against it, let alone meet the heightened pleading standards under Fed. R. Civ. P. 9(b). That rule provides, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

////

1    To state a claim for fraud under California law, a plaintiff must allege the following

2 elements: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b)

3 knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable

4 reliance; and (e) resulting damage." *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996)

5 (quotation omitted).

6    "To avoid dismissal for inadequacy under Rule 9(b), [a] complaint would need to state

7 the time, place, and specific content of the false representations as well as the identities of the

8 parties to the misrepresentation." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir.

9 2004) (internal quotations omitted); *see also Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir.

10 1993) ("The complaint must specify such facts as the times, dates, places, benefits received, and

11 other details of the alleged fraudulent activity.").

12    The complaint falls well short of that standard.  The court is unable to determine whether

13 plaintiff intends to allege that Chase made misrepresentation to him, to the Modoc County Tax

14 Assessor, or both.  Nor is it clear what the content of the alleged misrepresentations were.

15    Because plaintiff fails to state a single claim for relief, the court will dismiss the

16 complaint and grant plaintiff leave to amend rather than require him to file a more definite

17 statement.  Accordingly, the court grant's defendants motion to dismiss for failure to state a

18 claim pursuant to Fed. R. Civ. P. 12(b)(6), but does so with leave to amend.

19    If plaintiff chooses to file an amended complaint, he is informed that the court cannot

20 refer to prior pleadings in order to make an amended complaint complete.  Local Rule 15-220

21 requires that an amended complaint be complete in itself.  This is because, as a general rule, an

22 amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th

23 Cir. 1967).  Accordingly, once plaintiff files an amended complaint, the original no longer serves

24 any function in the case.  Therefore, "a plaintiff waives all causes of action alleged in the

25 original complaint which are not alleged in the amended complaint," *London v. Coopers &*

26 *Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint

are no longer defendants.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

**III.  CONCLUSION**

In accordance with the foregoing, IT IS ORDERED that:

1.  Defendant's August 1, 2007, motion to dismiss for failure to state a claim is granted pursuant to Fed. R. Civ. P. 12(b)(6), with leave to amend; and,

2.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint.  The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED:  February 19, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE