1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PAUL N. BEATON,

11                Plaintiff,                    No. CIV S-07-1321 MCE EFB PS

12        vs.

13   CHASE HOME FINANCE LLC,              FINDINGS AND RECOMMENDATIONS

14                Defendant.
     _____/

15

16        This action, in which plaintiff is proceeding *in propria persona*, was referred to the

17   undersigned pursuant to Local Rule 72-302(c)(21).  *See* 28 U.S.C. § 636(b)(1).  Presently before

18   the court is defendant's motion to dismiss the amended complaint, which, together with

19   plaintiff's opposition and defendant's reply, were taken under submission.  *See* Local Rule 78-

20   230(h).  Having reviewed all submitted papers, the court recommends that defendant's motion be

21   granted without further leave to amend.

22   **I.  BACKGROUND**

23        Plaintiff initiated this action on July 5, 2007, alleging violations of his civil rights and the

24   Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601, *et seq*., by defendant.  He

25   alleged that defendant made misrepresentations regarding taxes owed as part of his mortgage

26   payment.  On February 20, 2008, the court granted defendant's motion to dismiss for failure to

1

state a claim as to all causes of action.  That order set forth the deficiencies of the complaint, and granted plaintiff leave to file an amended complaint within thirty days.  Plaintiff timely filed an amended complaint on March 7, 2008.  The allegations in the amended complaint are essentially the same as those alleged in the original complaint.  In brief, plaintiff alleges that Chase wrongfully increased plaintiff's mortgage payment to cover increased Modoc County taxes. Plaintiff also seems to allege that there was, in fact, no tax assessment, and that Chase mislead him regarding the amount of property taxes he owed.

On March 17, 2008, defendant moved to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  Plaintiff filed another "amended complaint" on April 16, 2008, but did not obtain defendant's consent or leave of court to do so.  *See* Fed. R. Civ. P. 15(a) (plaintiff may file an amended complaint once as a matter of right before being served with a responsive pleading; in all other cases, plaintiff must seek the defendant's consent or leave of court).  The court has examined the "second" amended complaint, which makes no new allegations, and which plaintiff expressly states is merely a reiteration of the first amended complaint.  Accordingly, the court strikes the "second" amended complaint as improperly filed and duplicative of the first.  Defendant's motion is therefore properly directed at the amended complaint filed March 7, 2008.

After being ordered by the court to do so, plaintiff filed an opposition to the motion to dismiss on May 5, 2008, to which defendant filed a reply on May 14, 2008.  As set forth below, the court recommends that defendant's motion be granted.

## II.  DISCUSSION

A.  Rule 12(b)(6) Standard

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  *Hishon v. Spalding*, 467 U.S. 69, 74 (1984) (citing *Conley v. Gibson*, 355 U.S. 41 (1957); *Palmer v.*

1  *Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981).  Dismissal may be

2  based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to

3  support cognizable legal theories.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

4  Cir. 1990).  In reviewing a complaint under this standard, the court must accept as true the

5  allegations of the complaint.  *Hosp. Bldg. Co. v. Rex. Hosp. Trs.*, 425 U.S. 738, 740 (1976);

6  *Church of Scientology of California v. Flynn*, 744 F.2d 694 (9th Cir. 1984).  The court construes

7  the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor.

8  *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  In a case

9  where plaintiff is proceeding pro se, the court has an obligation to construe the pleadings

10  liberally.  *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, the

11  court's liberal interpretation of a pro se complaint may not supply essential elements of a claim

12  that are not plead.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of*

13  *Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Furthermore, "[t]he court is not required to

14  accept legal conclusions cast in the form of factual allegations if those conclusions cannot

15  reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752,

16  754-55 (9th Cir. 1994).  Neither need the court accept unreasonable inferences, or unwarranted

17  deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

18          B.  Amended Complaint

19          The allegations in the amended complaint, like those in the original complaint, are

20  largely incoherent and vague.  Plaintiff alleges that on June 13, 2007, he telephoned defendant

21  Chase Home Finance, which holds the mortgage on his home.  *See* Amended Complaint ("Am.

22  Compl."), p. 1.  He spoke with Rhonda Salamon, a supervisor.  *Id.*  He alleges that she told him

23  that "they called Modoc County who told them that in December 10, 2007 we are going to pay

24  $2,000 in tax."  *Id.*  Plaintiff alleges that he told Ms. Salamon that he checked his account online,

25  which showed a payment of $1,050 owing.  *Id.*  Plaintiff alleges that Ms. Salamon asked him if

26  he knew about a tax he was supposed to pay in December 2007, and that he responded "no."  *Id.*

1    Plaintiff alleges that he then went to the Modoc County Assessor's office and spoke with

2    an individual named David Benson.  *Id.*  Plaintiff alleges that Mr. Benson told him that no one at

3    the office had spoken to defendant, and that [*sic*] "that not appear on the tax rolls yet."  *Id.*

4    Plaintiff alleges that this was a "perjury" on the part of defendant, as well as a violation of the

5    Truth in Lending Act 15 U.S.C. §§ 1601, *et seq.* ("TILA"), and that he and his wife were mislead

6    to pay a monthly payment they could not afford.  *Id.*   He further alleges that he never made the

7    $1,050 payment, and that his monthly payment in July and August of 2007 was $865.90, and

8    $846.80 beginning in October 2007.  *See* Am. Compl., p. 1-5.  Plaintiff alleges that defendant's

9    actions constitute fraud and violations of TILA and RESPA.  He seeks over seventy million

10   dollars in damages.

11   Plaintiff's allegations regarding violations of RESPA are insufficient to state a claim.

12   Although he cites numerous provisions of the Act – §§ 2602, 2603, 2604, 2607, 2609, and 2616

13   – he does not allege facts to support causes of action under those sections, to the extent a cause

14   of action can exist.  For example, section 2602 is the definitions section of RESPA and, as such,

15   does not provide a cause of action.

16   Further, plaintiff's references to the other provisions appear inapposite to the facts

17   alleged.  For example, section 2603 addresses the development of the "Uniform Settlement

18   Statement" by the Secretary of Housing and Urban Development and proscriptions for its use.

19   The "Uniform Settlement Statement"is a standard form for itemizing settlement costs in real

20   estate transactions.  Plaintiff makes no allegations regarding this form. Similarly, plaintiff makes

21   no allegations implicating section 2604, which addresses the preparation and distribution of

22   booklets to help borrowers better understand their residential real estate transactions.  Plaintiff

23   also makes no allegations implicating section 2607, which prohibits kickbacks and unearned

24   fees, nor does he allege facts relevant to section 2616, which simply provides that RESPA "does

25   not annul, alter, or affect, or exempt any person subject to the provisions of this Act from

26   complying with, the laws of any State with respect to settlement practices."  12 U.S.C. § 2616.

1    Finally, section 2609, which regulates escrow accounts, requires a loan servicer "to

2    provide the borrower with a statement outlining the estimated taxes, insurance premiums, and

3    other charges expected to be paid during the first 12 months after an escrow account is

4    established." *Birkholm v. Wash. Mut. Bank*, 447 F. Supp. 2d 1158, 1162 (W.D. Wash. 2006)

5    (citing 12 U.S.C. § 2609(c)(1)(A) and finding that § 2609 does not provide a private right of

6    action, but noting a split of authority on this issue among the circuits).  Here, even assuming

7    § 2609 provides a private right of action, plaintiff does not allege a failure by defendant to

8    provide him with the required statement within the allotted time.  Accordingly, plaintiff fails to

9    state a claim under any of the referenced provisions of RESPA.

10    Plaintiff also fails to state a claim under TILA.  He alleges that defendant violated section

11    1631 of this act, which sets forth various disclosure requirements imposed on creditors.  *See* 15

12    U.S.C. § 1631.  Here, however, plaintiff does not allege that defendant is a creditor subject to

13    TILA, or that it failed to make any required disclosures.  Further, his vague references to

14    violations of TILA in general are insufficient to state a claim or to put defendant on notice of the

15    claims against it.  *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (May 21, 2007)

16    (a complaint must include a short and plain statement of the claim showing that the pleader is

17    entitled to relief  in order to give the defendant fair notice of what the claim is and the grounds

18    upon which it rests) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

19    Plaintiff's allegations regarding Chase's misrepresentations are likewise too vague to put

20    defendant on notice of the claims against it, let alone meet the heightened pleading standards

21    under Fed. R. Civ. P. 9(b).  That rule provides, "[i]n alleging fraud or mistake, a party must state

22    with particularity the circumstances constituting fraud or mistake.  Malice intent, knowledge,

23    and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).

24    To state a claim for fraud under California law, a plaintiff must allege the following

25    elements: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b)

26    knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable

5

1  reliance; and (e) resulting damage." *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (Cal. 1996)

2  (quotation omitted).

3      "To avoid dismissal for inadequacy under Rule 9(b), [a] complaint would need to state

4  the time, place, and specific content of the false representations as well as the identities of the

5  parties to the misrepresentation." *Edwards v. Marin Park, Inc*., 356 F.3d 1058, 1066 (9th Cir.

6  2004) (internal quotations omitted); *see also Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir.

7  1993) ("The complaint must specify such facts as the times, dates, places, benefits received, and

8  other details of the alleged fraudulent activity.").

9      The complaint falls well short of that standard.  Plaintiff does not clearly allege that Ms.

10 Salamon told him that the entire increased payment due was caused by increased taxes.  Rather,

11 he alleges that she asked him about the taxes.  Moreover, he fails to allege reliance on the alleged

12 misrepresentations or resulting damages.  Although plaintiff seeks over seventy million in

13 damages, he does not explain how those flow from the alleged misrepresentation.  More

14 importantly, plaintiff alleges that he did not rely on the alleged misrepresentations, and in fact,

15 challenged their veracity from the beginning.  He further alleges that he did not make the $1,050

16 payment.  *See* Am. Compl., pp. 1-5.  As such, plaintiff again fails to state a claim for fraud.

17     Plaintiff was given an opportunity to clarify his claims against defendant, but has failed

18 to do so.  Accordingly, the court recommends that defendant's motion be granted without further

19 leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (dismissal of a pro se

20 complaint for failure to state a claim is proper where amendment would be futile).

21 **III.  CONCLUSION**

22     In accordance with the foregoing, IT IS RECOMMENDED that:

23     1.  Defendant's motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P.

24 12(b)(6) be granted without further leave to amend; and,

25 ////

26 ////

1    2.  The Clerk be directed to close this case.

2    These findings and recommendations are submitted to the United States District Judge

3 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10)

4 days after being served with these findings and recommendations, any party may file written

5 objections with the court and serve a copy on all parties.  Such a document should be captioned

6 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

7 shall be served and filed within ten (10) days after service of the objections.  The parties are

8 advised that failure to file objections within the specified time may waive the right to appeal the

9 District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*,

10 951 F.2d 1153, 1157 (9th Cir. 1991).

11 DATED:  July 10, 2008.

12

13                      EDMUND F. BRENNAN
                        UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26